**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTOPHER EUGENE THOMAS, | No. 14-16715 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01719-FJM |
| v. | |
| RW STEVWING, Jr., Correctional Officer IV at ASPC Yuma Complex; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Christopher Eugene Thomas, an Arizona state prisoner, appeals pro se from

the district court's summary judgment in his 42 U.S.C. § 1983 action alleging

retaliation and other federal claims. We have jurisdiction under 28 U.S.C. § 1291.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A); *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly granted summary judgment on Thomas's retaliation claim against Stevwing because Thomas failed to raise a genuine dispute of material fact as to whether Stevwing was responsible for the termination of Thomas's prison job or transfer to another unit. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context); *see also Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (discussing causation under § 1983).

The district court properly dismissed Thomas's access-to-courts claim because Thomas failed to allege facts sufficient to show that he suffered an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 348-53 (1996) (access-to-courts claim requires the plaintiff to show that the defendant's conduct caused actual injury to a non-frivolous legal claim).

The district court properly dismissed Thomas's conspiracy claim because Thomas failed to allege facts sufficient to show that any defendant formed an agreement or had a meeting of the minds. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (a pleading must offer more than "labels and conclusions or a formulaic recitation of the elements of a cause of action" (citation and internal quotation marks omitted)); *Lacey v. Maricopa County*, 693 F.3d 896, 934-35 (9th Cir. 2012) (requirements of a civil conspiracy claim).

The district court properly dismissed Thomas's retaliation claim against defendants Bradley, Bock, and Ryan because Thomas failed to allege facts sufficient to show that these defendants retaliated against Thomas because of his protected conduct. *See Rhodes*, 408 F.3d at 567-68.

We do not consider Thomas's contention that the district court erred by not considering a procedural due process claim in connection with the termination of Thomas's prison job because that claim was not raised in his complaint.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Thomas's motions for injunctive relief, filed on May 21, 2015 and June 15, 2015, are denied.

Thomas's request for judicial notice, set forth in his reply brief, is denied.

**AFFIRMED.**